UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGENE HUDSON | Case No. 1:20-cv-00876-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS** |
| v. | |
| WASCO STATE PRISON, | (Doc. 10) |
| Defendant. | 14-DAY DEADLINE |

On April 2, 2021, the Court entered an Order to Show Cause directing Plaintiff "to show cause, in writing and within **21 days** from the date of this order, why this case should not be dismissed for lack of prosecution, failure to file a civil rights complaint, failure to submit a magistrate judge jurisdiction form, and failure to submit an application to proceed *in forma pauperis* or pay the filing fee for this action." (Doc. 10.) Over 21 days have passed, and Plaintiff has failed to respond to the Order to Show Cause or taken any other action since the case was transferred to this Court.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los*

*Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**ORDER**

The Clerk of Court is DIRECTED to randomly assign a United States District Judge.

**FINDINGS AND RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED** for failure to obey a court order and for lack of prosecution.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 5, 2021**          _ **/s/ Jennifer L. Thurston**
                               CHIEF UNITED STATES MAGISTRATE JUDGE

2